IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOHN DOES 1, 2, 4, 5, 6 & 8;  MICHAEL
ROBINSON;  and MAURICE COLLINS                          PLAINTIFFS

v.                          No. 3:23-cv-230-DPM

EMMETT A. PRESLEY, *et al.*                             DEFENDANTS

JOHN DOES 9-12 & 14-16;  and
NATHAN HARMON                                           PLAINTIFFS

No. 3:24-cv-3-DPM

EMMETT A. PRESLEY, *et al.*                             DEFENDANTS

JOHN DOES 19-24, 26, 29 & 30                            PLAINTIFFS

No. 3:24-cv-12-DPM

EMMETT A. PRESLEY, *et al.*                             DEFENDANTS

JOHN DOES 103, 105, 107-113, 120-123;
JANE DOES 103, 109, 120-121                             PLAINTIFFS

No. 3:25-cv-197-DPM

EMMETT A. PRESLEY, *et al.*                             DEFENDANTS

## ORDER

This Court held that the Justice for Vulnerable Victims of Sexual
Abuse Act's attempted revival of already time-barred claims was

unconstitutional. Given the undisputed facts about the plaintiffs' ages, and when the abuse allegedly occurred, it also allowed them to amend — the opportunity to plead facts that might bring them under the Delayed Discovery Act. They've filed a third amended consolidated complaint. Long pending is the defendants' motion to dismiss it for various reasons. A new action was also filed and then consolidated. There's an echoing motion to dismiss that slice of the litigation, plus a motion to dismiss it based on lack of jurisdiction.

*

Loose ends first. Defendants' motion to file some unredacted papers about the new action is granted. By stipulation, all claims by all plaintiffs against Tyree Davis are dismissed without prejudice. That cures the jurisdictional defect. And John Doe 120's motion to dismiss all his claims without prejudice is granted. The third amended consolidated complaint re-pleads that the plaintiffs' claims are timely as revived by the Justice for Vulnerable Victims of Sexual Abuse Act for preservation purposes. *Doc. 126 at ¶ 107*. The Court stands by its earlier ruling, *Doc. 120*. The Court also notes that the Arkansas Supreme Court has taken the *Nesmith* case on review, which provides the opportunity for a definitive answer on the retroactive-revival issue in due course.

*

The defendants make three threshold arguments. Before addressing them, the Court pauses on an unplumbed category issue.

This Court, the parties, and the precedent have all considered the Delayed Discovery Act as a matter of *tolling* the limitations period. *E.g., Doc. 120 at 7–11; Miller v. Subiaco Academy*, 386 F. Supp. 2d 1025, 1027–29 (W.D. Ark. 2005); *Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*, 2013 WL 6816174 at *4–*5 (W.D. Ark. 24 December 2013). Perhaps this is because the occurrence rule pervades Arkansas tort law; it's the general rule, the water Arkansas lawyers and judges swim in. HOWARD W. BRILL & CHRISTIAN H. BRILL, 1 LAW OF DAMAGES § 13:4, at 251-53 (6th ed. 2014). Plus, the generally applicable statute about minors' claims speaks of their accrual during minority, but claims may be brought nonetheless within three years of the minor reaching majority. Ark. Code Ann. § 15-56-116. In a word, tolling. The Delayed Discovery Act might be best understood, though, as a claim-specific *accrual* provision. *E.g., Highland Industrial Park, Inc. v. BEI Defense Systems Co.*, 357 F.3d 794, 796 (8th Cir. 2004) (Arkansas law); *State v. Diamond Lakes Oil Co.*, 347 Ark. 618, 624–25, 66 S.W.3d 613, 617–18 (2002). A minor's claim for sexual abuse does not arise—accrue—until "the injured party discovers the effect of the injury

or condition attributable to the childhood sexual abuse." Ark. Code Ann. § 15-56-130(c)(3).

Why bother with this distinction? Because it may make a legal difference now and as the case develops. Here's the difference at this stage. If the issue is accrual, dismissal is proper only if a plaintiff's claim is untimely on the face of the long-aborning current complaints. *In re: Pre-Filled Propane Tank Antitrust Litigation*, 860 F.3d 1059, 1063 (8th Cir. 2017) (*en banc*); *Geivett v. AMC Management, LLC*, 158 F.4th 900, 903-04 (8th Cir. 2025) (*per curiam*). If the issue is tolling, each plaintiff must prove it by a preponderance of the evidence, or at least create a fact question on some tolling-related issue. *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004).

We're at the pleading stage, albeit deep in the case. After rejecting revival of barred claims, the Court provided the plaintiffs the opportunity to change their theory and allege every available fact to show delayed discovery. The Court will therefore scrutinize the complaints using the lesser burden applicable in an accrual analysis. *Propane*, 860 F.3d at 1063. The current fighting issue is whether each plaintiff has pleaded enough facts, taken as true, to make delayed discovery of effects of their alleged abuse plausible. The plaintiffs should not have to prove, at this point, that delayed discovery is more likely than not or create a fact question about that. The Court looks

–4–

forward to the parties' thinking and briefing on the accrual/tolling issue in later stages of the case.

*

Now to the defendants' three threshold arguments.  The Court considers each in turn.

More than thirty years ago, the General Assembly enacted Ark. Code Ann. § 16-56-130 entitled "Civil Actions based on sexual abuse — Limitations period following discovery."  In general, Arkansas follows the occurrence rule.  What the Court will call the Delayed Discovery Act created a different rule for sexual abuse claims by certain persons — minors — in certain circumstances.  Any such claim could be filed within three years after the effects of any child abuse were discovered.

> Notwithstanding any other statute of limitations . . . any civil action based on sexual abuse which occurred when the injured person was a minor but is not discovered until after the injured person reaches the age of majority shall be brought within three (3) years from the time of discovery of the sexual abuse by the injured party.
>
> …
>
> "Time of discovery" means when the injured party discovers the effect of the injury or condition attributable to the childhood sexual abuse.

Ark. Code Ann. § 16-56-130(a)-(c)(3).

In recent years, the General Assembly enacted and amended Ark. Code Ann. § 16-118-118 entitled "Civil action for vulnerable victims of sexual abuse[,]" which the Court will call the Revival Act.  It covered both disabled individuals and minors.  The new statute's core revived sexual abuse claims that had been barred, allowing them to be asserted during a fixed period.

> Notwithstanding any other statute of limitation or any other law that may be construed to reduce the statutory period set forth in this section, a vulnerable victim may bring a civil action against any party who committed sexual abuse against the vulnerable victim or whose tortious conduct caused the vulnerable victim to be a victim of sexual abuse.

> Notwithstanding any other statute of limitation or any other law that may be construed to reduce the statutory period set forth in this section, a civil action similar to a civil action described in subdivision (b)(1) of this section, including a cause of action arising before, on, or after July 28, 2021, that was barred or dismissed due to a statute of limitation is revived, and the civil action may be commenced not earlier than six (6) months after and not later than thirty (30) months after August 1, 2023.

Ark. Code Ann. § 16-118-118(b)(1) & (2).

The retroactive application of the Revival Act is what this Court rejected as unconstitutional.  The statute's prospective operation was unchallenged and unremarkable.  Ark. Code Ann. § 16-118-118(b)(1) eliminated any limitation period for current vulnerable victims of

sexual abuse whose claims were not yet time barred and for future victims.

Against this backdrop, the defendants first seek judgment as a matter of law on plaintiffs' re-pleaded claims, contending that the Revival Act repealed the Delayed Discovery Act by implication. The Court is not persuaded that happened. Arkansas law disfavors repeals by implication. *Doe v. Baum*, 348 Ark. 259, 274–75, 72 S.W.3d 476, 484–85 (2002). A court must, if possible, construe all statutes in the same neighborhood harmoniously. *Neeve v. City of Caddo Valley*, 351 Ark. 235, 239, 91 S.W.3d 71, 74 (2002). Only if two statutes are in irreconcilable conflict, or if the later statute covers the entire subject matter, may a court hold that the latter impliedly repealed the former. *Neely v. State*, 2010 Ark. 452, 4, 370 S.W.3d 820, 822.

These statutes can be harmonized. The Delayed Discovery Act created a three-year limitation period for claims brought by some abused children. The Revival Act eliminated the limitation period for all children and for disabled persons, too. The last point is important: the Revival Act covers more individuals, including those made vulnerable by disability. No irreconcilable conflict exists. *Hurt-Hoover Investments, LLC v. Fulmer*, 2014 Ark. 461, 6–11, 448 S.W.3d 696, 700–03.

Did the Revival Act occupy the entire field? This appears, at first, to be a closer question. An implied repeal also occurs "where the General Assembly takes up the whole subject anew, covering the entire

subject matter of the earlier statute and adding provisions clearly showing that it was a substitute for the former." *Hurt-Hoover*, 2014 Ark. 461 at 6, 448 S.W.3d 696 at 700. If there is no applicable statute of limitation, there would seem to be no need for either a special accrual rule or tolling when the effects of abuse are only discovered belatedly. For several reasons, though, the Revival Act didn't provide comprehensive answers to the limitation questions presented by these kinds of claims.

To start, the retroactive reinstatement of time-barred claims was void as unconstitutional. *Doc. 120*. That part of Ark. Code Ann. § 16-118-118-(b)(2) had no legal effect. *Ex parte Siebold*, 100 U.S. 371, 376 (1879), *abrogated on other grounds*, *Jones v. Hendrix*, 599 U.S. 465, 485–86 (2023). The revival provision was the main contact point between the two Acts. If there was any implied intention to repeal the Delayed Discovery Act here, it had no legal effect.

The Court also sees a hedge in the silence about any repeal. The General Assembly legislates with existing law in mind. *McLeod v. Santa Fe Trail Transportation Co.*, 205 Ark. 225, 230, 168 S.W.2d, 413, 416 (1946). For more than a century, the Arkansas Supreme Court has rejected retroactive changes in limitation periods as unconstitutional. *Doc. 102 at 6*. And repeals by implication have been strongly disfavored for almost as long. *Lybrand v. Wafford*, 174 Ark. 298, 305, 296 S.W. 729, 731 (1927); *Doe*, 348 Ark. at 274–75, 72 S.W.3d at 484–85. The Court

concludes that the General Assembly left the Delayed Discovery Act in place because, while it favored the Revival Act's public policy, the General Assembly also knew revival of barred claims was unlikely to succeed.

Last, these two acts complement each other.  As originally enacted, the Revival Act contained an age cap.  It eliminated any statute of limitation for any claim brought by a vulnerable victim before age fifty-five.  2021 Ark. Acts. 1036 (S.B. 676), Section 1, (b)(1).  The Delayed Discovery Act contains no such age limit.  Though the General Assembly eventually removed this age limit—*see* 2023 Ark. Acts 616— the original Revival Act contained no accrual or tolling provision applicable to older Arkansawyers.  This is not a situation where, in the later Act, the General Assembly "covered the whole subject (and more) . . ." and in so doing showed its intention to repeal the earlier Act by implication.  *Uilke v. State*, 309 Ark. 48, 53, 827 S.W.2d 131, 134 (1992) (quotation omitted).

Second, the defendants seek judgment as a matter of law because, they say, the time-of-discovery provision in the Delayed Discovery Act is void for vagueness.  The Court disagrees.  A statute is vulnerable to this kind of challenge if it fails to provide reasonably fair notice of prohibited conduct.  *Abraham v. Beck*, 2015 Ark. 80, 13, 456 S.W.3d 744, 753.  The challenged provision doesn't regulate defendants' conduct; it establishes when a lawsuit about that conduct may be filed.  "'Time of

discovery' means when the injured party discovers the effect of the injury or condition attributable to the childhood sexual abuse." Ark. Code. Ann. § 16-56-130(c)(3).   After discovery, the Court must apply the statute's words to facts—the effect of the injury or condition flowing from the abuse.   But the need for application, and perhaps some interpretation, doesn't mean the statute's words are unconstitutionally vague.

Third, the defendants argue that not all of them are subject to all claims.   The Court disagrees here, too.   The Delayed Discovery Act applies to claims against both perpetrators and non-perpetrators of the sexual abuse.   The statute covers any action "based on sexual abuse." Ark. Code. Ann. § 16-556-130(a).   The potential liability of both the Suhls and the corporate defendants stems from alleged sexual abuse by Lord's Ranch employees.   Their potential liability is therefore based on that sexual abuse.   *Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*, 2013 WL 6816174 at *7 (W.D. Ark. 24 December 2013). The plaintiffs have also pleaded sufficient facts showing that the Suhls may be liable for the conduct of their employees at the Ranch.   The plaintiffs claim the Suhls facilitated sexual abuse by Presley and other employees.   The plaintiffs allege that the abuse was reported directly to the Suhls many times.   They go further:  The Suhls not only failed to take action, the plaintiffs say, but worked to prevent further reports from being made.

None of the defendants' threshold arguments succeeds.

*

The deep issue is whether each plaintiff has pleaded facts plausibly showing delayed discovery of effects or conditions of their alleged abuse.  This case now involves fifty-four plaintiffs.  The Court has studied the third amended consolidated complaint and the new tag-along complaint.  With a couple of exceptions, the plaintiffs cluster in three groups along a line—a continuum of plausibility.

At one end, the group-one plaintiffs[1] give details and texture supporting delayed discovery.  Some plead specific circumstances about why their discovery was delayed:  Prolonged incarceration, sustained drug abuse, homelessness, little formal education, specific mental conditions or illnesses, and other experiences of physical or sexual abuse.  Examples are John Does 1, 4, 6, 10, 15, 16, 19, 23, 29, and 101 plus Michael Robinson and Maurice Collins.  These plaintiffs also include details about their spontaneous and recent discovery that their difficulties were caused by abuse at the Lord's Ranch.  Some recently went to therapy;  some joined a Facebook group for victims of abuse; others witnessed similar instances of sexual abuse in their community. Other group-one plaintiffs give specifics about effects or conditions that

---

[1] John Does 1, 4, 6, 10, 15, 16, 19, 23, 29, 101, 110, 111, 121, 123;  Jane Does 101, 102, 105, 109;  Michael Robinson, Maurice Collins, and Jami Wells.

were discovered only recently.  Examples here are these individuals: John Does 110, 111, 121, and 123;  Jane Does 101, 102, 105, and 109;  and Jami Wells.

The Court notes John Does 6 and 110, and Jane Doe 109. The plausibility of delayed discovery by each of them presents a close question.  Erring on the side of caution, the Court allows their claims to proceed even though they may not stand after discovery.  *Troupe v. Young*, 143 F.4th 955, 975 (8th Cir. 2025).

At the other end of the plausibility line, the group-three plaintiffs[2] give few or no facts supporting delayed discovery.  They fall back on conclusory assertions and repeat the same formulaic allegations. They say, for example:

- Plaintiff tried to actively forget that the abuse ever happened and to avoid the memories altogether, as a way to survive;

- Plaintiff, prior to the Lord's Ranch, suffered other abuses and traumas that have only made it more difficult for him to comprehend a clear connection between Presley's molestations and any particular injury or the effects of that injury;  and

- Plaintiff has not received counseling or therapy specifically related to the childhood sexual abuse he experienced at the hands of Presley.

---

[2] John Does 8, 11, 20, 24, 25, 27, 28, 112, 113, 122;  Jane Does 103, 104, 106, 107, 120, 121;  and Nathan Harmon.

*See, e.g., Doc. 126 at 36–37* (John Doe 8). A few group-three plaintiffs add that they recently learned of other victims' allegations against the Lord's Ranch. *E.g., Doc. 126 at 69–72 & 74-76* (Jane Does 103, 104, 106 & 107). No other details are given about memory suppression, other traumas or abuses, some personal triggering event beyond hearing about the case, or the lack of counseling and therapy. All these allegations are simply too generic to show plausible belated discovery of injury.

In the middle, the group-two plaintiffs[3] provide some details, but not enough. The circumstances they plead do not plausibly support delay in discovering the effects of their abuse. *Doe v. Cabot, Arkansas School District*, 2022 WL 242849 (E.D. Ark. 25 January 2022); *Kolbek*, 2013 WL 6816174 (W.D. Ark. 24 December 2013). Many of these plaintiffs provide generic details supporting their later discovery without a sufficient explanation of the cause for delay. Where other claimants have relied on the Delayed Discovery Act, both pieces were present. The plaintiff in *Cabot*, for example, was intoxicated during her abuse and discovered the effects only after talking with her father and a therapist. *Cabot*, 2022 WL 242849 at *2. The plaintiffs in *Kolbek* said they had been "brainwashed" by their abuser; they didn't connect the abuse to their injuries until he was convicted, and they began therapy.

_____

[3] John Does 2, 5, 12, 14, 21, 22, 30, 102, 103, 104, 105, 107, 108, 109.

*Kolbek*, 2013 WL 6816174 at *10. A plaintiff having gone to therapy at some point to treat their depression, for example, supported only by the conclusory assertion that he didn't "discover the effect of the injuries or conditions attributable to the childhood sexual abuse because . . . psychological conditions arising from the abuse . . . prevented that discovery", *Doc. 126 at 79–80*, is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is conclusory, without any texture. A plaintiff's lack of education, standing alone, also doesn't suffice. The same holds true of incarceration. What's missing for each group-two plaintiff is a solid reason for the delay coupled with some specific triggering event, which in combination make delayed discovery plausible. *Cabot,* 2022 WL 242849 at *2; *Kolbek*, 2013 WL 6816174 at *10.

The exceptions. Considering John Doe 9's education and work experience in mental health counseling, it is implausible that he didn't discover the effects of his alleged abuse until years later. He holds a Ph.D. and is a licensed clinical social worker. Next, John Doe 106's claims were not time-barred when the Revival Act was adopted; and they are no longer subject to a limitation period. Ark. Ann. Code § 16-118-118(b)(1). He turned twenty-one a few months after the Revival Act's effective date.

Only claims made by the group-one plaintiffs and John Doe 106 go forward. They have pleaded sufficient facts plausibly showing they

hadn't discovered the effects or conditions of their abuse until recent years and have timely sued on their resulting claims.

\*

Last, the entity issue. It needs sorting soon, but the Court needs more facts. The Court can best address the relationship between the many corporate defendants and the Suhls on a detailed factual record. The parties should complete targeted discovery on this issue by 30 April 2026. The Court welcomes stipulations or entity-specific summary judgment motions thereafter.

\*

The Court partly grants and partly denies the defendants' motions to dismiss, *Doc. 133 & 157*. The motion to dismiss for lack of jurisdiction, *Doc. 154*, is denied without prejudice as moot based on the parties' stipulation, *Doc. 169*. All claims against Tyree Davis are dismissed without prejudice. John Doe 120's motion to voluntarily dismiss all his claims without prejudice, *Doc. 171*, is granted. The motion to stay discovery, *Doc. 162*, is denied as moot. The motion to file under seal, *Doc. 159*, is granted. John Doe 106's and the group-one plaintiffs' claims go forward. All remaining plaintiffs' claims against the defendants are dismissed with prejudice as time barred.

So Ordered.

D.P. Marshall Jr.
United States District Judge

5 February 2026