**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**JOHN DOES 1, 4 & 6; MICHAEL ROBINSON; and MAURICE COLLINS** — **PLAINTIFFS**

**v.** **No. 3:23-cv-230-DPM**

**EMMETT A. PRESLEY, *et al.*** — **DEFENDANTS**

**JOHN DOES 10, 15 & 16** — **PLAINTIFFS**

**No. 3:24-cv-3-DPM**

**EMMETT A. PRESLEY, *et al.*** — **DEFENDANTS**

**JOHN DOES 19, 23 & 29** — **PLAINTIFFS**

**No. 3:24-cv-12-DPM**

**EMMETT A. PRESLEY, *et al.*** — **DEFENDANTS**

**JOHN DOES 110, 111, 121 & 123; and JANE DOE 109** — **PLAINTIFFS**

**No. 3:25-cv-197-DPM**

**EMMETT A. PRESLEY, *et al.*** — **DEFENDANTS**

## PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), here is the Protective Order.

**1. Confidential Information.** Confidential Information is information that is normally kept secret and that derives independent

value from being kept secret. Examples of Confidential Information include social security numbers, medical information, trade secrets, financial account information, and other confidential research, development, or commercial information.

**2. Designation.** Confidential Information shall refer to any document or item designated as "CONFIDENTIAL" or "CONFIDENTIAL - Attorneys' Eyes Only." When designating information as confidential, the parties must make every effort to limit claims of confidentiality to specific citations—such as sentences, paragraphs, or pages—rather than entire documents or large page ranges.

**a.** To designate documentary information—such as paper or electronic documents but excluding deposition transcripts—as containing confidential information, the producing party must conspicuously mark each page that contains confidential information as "CONFIDENTIAL" or "CONFIDENTIAL - Attorneys' Eyes Only." If only a portion or portions of the material on a page qualifies for protection, the designating party also must clearly identify the confidential portion(s) (e.g., by making appropriate markings in the margins).

**b.** To designate an interrogatory answer as confidential, the answering party must insert "CONFIDENTIAL" or "CONFIDENTIAL - Attorneys' Eyes Only" in brackets at the beginning of each answer claimed to contain confidential information.

**c.** To designate all other information or items as confidential, the designating party must conspicuously affix "CONFIDENTIAL" or "CONFIDENTIAL – Attorneys' Eyes Only" to the portion or portions of the information or items that warrants protection under this Order.

If corrected, a party's inadvertent failure to designate information or items as confidential does not, standing alone, waive the party's right to secure protection under this Order for such material.

Documents unintentionally produced without designation as Confidential Information later may be designated and shall be treated as Confidential Information from the date written notice of the designation is provided to the receiving party.

**3. Disputes.** Counsel must confer in good faith in person before bringing any dispute arising under this Protective Order to the Court. A party or any other person objecting shall provide written notice of the dispute to the appropriate party or parties, specifying the materials that are the subject of the dispute. Within thirty days after this objection, the parties and any other objecting person(s) shall confer in good faith, and in person, to resolve the dispute. If the parties reach an impasse, they must file a joint report explaining the disagreement. The parties will file this paper under the CM/ECF event called "Joint Report of Discovery Dispute." The joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. The joint report must be filed sufficiently before the discovery

cutoff so that the dispute can be resolved without undermining pretrial deadlines. The parties will alert the law clerk on the case to the joint report's filing. The parties will not proceed on the disputed issue until the Court issues a ruling or schedules a hearing. Failure to follow these procedures shall act as a waiver of rights a party may have regarding a "Confidential" designation.

**4. Dissemination.** Confidential Information shall be used only for the purpose of this litigation. Confidential Information may not be given, shown, made available, or communicated to anyone except the following:

**a.** the Court and its staff;

**b.** the parties in this case, including a party's officers, directors, partners, managers, members, employees, and independent contractors;

**c.** counsel of record for any party in this case, including other attorneys and support personnel in counsels' law firms and third parties engaged for litigation support;

**d.** experts and consultants—including their employees, associates, and support staff—retained by a party for the preparation or trial of this case;

**e.** witnesses who may give deposition or trial testimony in this case and to whom disclosure is reasonably necessary;

**f.** court reporters, videographers, and other support staff engaged for depositions;

**g.** the original author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

**h.** any other person for whom the designating party provides prior, written consent; and

**i.** any other person as this Court may order.

Confidential Information marked "Attorneys' Eyes Only" may not be given, shown, made available, or communicated to anyone except the following:

**a.** retained counsel for the parties in this litigation and their respective law firms and employees assisting in the preparation of this case for trial;

**b.** experts and consultants—including their employees, associates, and support staff—retained by a party for the preparation or trial of this case;

**c.** persons who are providing depositions or testimony in this action, during the course of the deposition or testimony or preparation for the same, if they are the individual who gave the statement marked "Attorneys' Eyes Only" and/or were present when the statement was made;

**d.** persons who are shown on the face of the document to have been an author, source, addressee, or recipient of the "Attorneys' Eyes Only" material, and mediators, arbitrators, or other personnel engaged as part of alternative dispute

resolution, to the extent reasonably necessary for the conduct of the action;

e. this Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

When giving Confidential Information to anyone, other than the Court or its staff, the disclosing party must provide the recipient with a copy of this Order and obtain a signed copy of the attached Acknowledgment form from the recipient. The disclosing party shall have the duty to reasonably ensure that such person observes the terms of this Protective Order. If any party becomes aware of a breach of confidentiality, it shall promptly notify the designating party of the scope and nature of the breach and cooperate in efforts to remedy the breach.

5. **Depositions.** Information disclosed at any deposition may be designated as Confidential Information by indicating on the record at the deposition that the testimony is Confidential Information and is subject to the provisions of this Protective Order. Any Party also may designate information disclosed at a deposition as Confidential Information by notifying all parties in writing not later than 30 days after receipt of the transcript of the specific pages of the transcript that should be treated as Confidential. All deposition transcripts and exhibits shall be treated as Confidential Information until the earlier of

(a) 30 days after counsel's receipt of such transcript or (b) counsel's receipt of the other Party's page designation of information disclosed at such deposition in accordance with this paragraph.

**6. Inadvertent Disclosure.** Pursuant to Fed. R. Evid. 502(d), any inadvertent disclosure of privileged information or documentation in response to any discovery production, including Rule 26(a)(1) disclosures and agreed document productions, shall not constitute a waiver of any applicable privileges in this case, or in any other case or respect. The producing party shall have the right to "claw back" the produced documents upon notice to the receiving party under Rule 26(b)(5)(B).

**7. Filing.** Designation of a document as confidential does not, standing alone, justify filing the document under seal. Instead the parties must comply with Fed. R. Civ. P. 5.2's mandate for redaction. If redaction is impracticable, a party must move for permission to file any information designated as confidential and any related motion, brief, or paper containing that material under seal. The moving party must justify sealing with specifics and solid reasons including an explanation about why redaction cannot be done.

**8. Duration.** This Order shall remain in effect for one year after this case ends, including any appeal. Thereafter, the obligations imposed shall continue but shall be solely a matter of contract between the parties.

9. **Return or Destruction of Information.** Within 60 days of the final resolution of this case—including any appeals—the receiving party must return or destroy, at the option of producing party, all information designated confidential, including all reproductions of such information, and any notes, summaries, or descriptions of such information. If applicable, the receiving party must permanently delete from all databases all information designated as confidential, including all reproductions of such information, and any notes, summaries, or descriptions of such information. Counsel shall be permitted to retain their working files on the condition that those files will remain confidential and may not be disclosed to third parties or used for any purpose outside of this litigation and subject to the provisions of this Protective Order. However, counsel may not retain working files containing any personal financial information disclosed by Defendants and must return or destroy all such information in accordance with this paragraph. The receiving party also must ensure the return or destruction of all such Confidential Information provided to third parties in accordance with this Protective Order. The receiving party must certify in writing to producing party the return or destruction of all such Confidential Information within the timeframe specified herein.

10. **Violations of this Protective Order**. In the event of a violation of this Order, the Court may impose sanctions, including but

not limited to, striking pleadings, precluding the violating party from presenting or relying on designated evidence, expert reports, or testimony related to confidential information at trial or in dispositive motions, and costs and attorney's fees incurred by the non-violating party.

So Ordered.

D.P. Marshall Jr.

D.P. Marshall Jr.
United States District Judge

7/31/2026

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**JOHN DOES 1, 4, 6;**
**MICHAEL ROBINSON; and**
**MAURICE COLLINS** **PLAINTIFFS**

**v.** **No. 3:23-cv-230-DPM**

**EMMETT PRESLEY, et al.**
**DEFENDANTS**

**JOHN DOES 10, 15, and 16** **PLAINTIFFS**

**v.** **No. 3:24-cv-3-DPM**

**EMMETT PRESLEY, et al.**
**DEFENDANTS**

**JOHN DOES 19, 23, and 29** **PLAINTIFFS**

**v.** **No. 3:24-cv-12-DPM**

**EMMETT PRESLEY, et al.**
**DEFENDANTS**

**JOHN DOES 110, 111, 121, 123; and**
**JANE DOE 109** **PLAINTIFFS**

**v.** **No. 3:25-cv-197-DPM**

**EMMETT PRESLEY, et al.**
**DEFENDANTS**

**PROTECTIVE ORDER ACKNOWLEDGEMENT**

I have received information designated as confidential and understand disclosure of this information is governed by the Protective Order entered in this case. I have read the Protective Order, understand it, and agree to be bound by its terms.

I agree not to disclose any information designated as confidential to anyone other than those people to whom disclosure is allowed by the Protective Order. I agree to return or destroy and, if applicable, permanently delete from all databases all information

designated as confidential upon the conclusion of my role in this case or 60 days after the final resolution of the case, whichever comes first.

I submit to the jurisdiction of the United States District Court for the Eastern District of Arkansas in matters relating to the Protective Order. I understand that violating the terms of the Protective Order could expose me to penalties and other punishment for contempt of court.

| Printed Name | Signature | Date |
| --- | --- | --- |