**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**JOHN DOES 1, 4 & 6; MICHAEL ROBINSON;**
**and MAURICE COLLINS** **PLAINTIFFS**

**v.** **No. 3:23-cv-230-DPM**

**EMMETT A. PRESLEY, *et al.*** **DEFENDANTS**

**JOHN DOES 10, 15 & 16** **PLAINTIFFS**

**No. 3:24-cv-3-DPM**

**EMMETT A. PRESLEY, *et al.*** **DEFENDANTS**

**JOHN DOES 19, 23 & 29** **PLAINTIFFS**

**No. 3:24-cv-12-DPM**

**EMMETT A. PRESLEY, *et al.*** **DEFENDANTS**

**JOHN DOES 110, 111, 121 & 123; and**
**JANE DOE 109** **PLAINTIFFS**

**No. 3:25-cv-197-DPM**

**EMMETT A. PRESLEY, *et al.*** **DEFENDANTS**

## ORDER

**1.** For the reasons discussed in the hearing, the Court addresses the parties' discovery dispute, *Doc. 192*, as specified below.

As to the Suhls, their declarations of current net worth are sufficient with a supplement. The plaintiffs' request for search details about entity records is reasonable. The Suhls must describe their efforts (past and planned) with specifics. This description must be sworn. A caveat: More discovery about current financial information may be necessary later in the case. But the Suhls don't have to respond further now. The Court appreciates the plaintiffs' commitment at the hearing to withdraw their third-party subpoenas. This Court will promptly address any discovery dispute counsel cannot resolve after good faith in person consultation. (The Court notes plaintiffs' out-of-state counsel. They may participate in these meetings remotely, but at least one of plaintiffs' Arkansas lawyers must also attend them in person.)

As to Lord's Ranch Behavioral Healthcare System, Trinity Behavioral Health Care System, and Lord's Ranch Christian Boy's Home, Mr. Suhl must do more. If these involved entities aren't able to provide financial records, they must disclose who they banked with, and sign authorizations to allow the release of bank records from the relevant time period. If there are missing tax returns, the entities and Mr. Suhl must identify who prepared the returns and must authorize the release of those tax records from the accountants and the IRS.

**2.** The Court appreciates the parties' thoughts about *Nesmith*'s effect on this matter. It has received the plaintiffs' motion to bring back in many of the dismissed plaintiffs, *Doc. 204*. The Court also

appreciates this prompt filing. The defendants' response is due by 2 December 2026. Any reply is due seven business days after the response.

So Ordered.

D.P. Marshall Jr.
United States District Judge

19 November 2026